**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

MELVIN WILLIAMS, JR.,

        Plaintiff,

   v.

BFI WASTE SERVICES, LLC, d/b/a Allied
Waste Services of Jackson and Republic
Services of Jackson, a Foreign Limited
Liability Company,

        Defendant.

Case No. 3:16-cv-75 DPJ-FKB

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

     Defendants BFI Waste Services, LLC ("Defendant" or "Republic"), pursuant to Fed. R.

Civ. P. 56, submits this Memorandum of Law in Support of Its Motion for Summary Judgment.

**Introduction**

     Williams, a former waste disposal driver for Republic, brings this lawsuit under the Fair

Labor Standards Act ("FLSA"), asserting — wrongly — that the formula Republic used to

calculate his overtime payments did not result in him being paid overtime at a rate not less than

one and one-half times his regular rate of pay in accordance with FLSA requirements.

     Generally speaking, the FLSA requires covered employers to pay non-exempt employees

overtime compensation at a rate of one and one-half times their "regular rate" for all hours

worked in excess of 40 per workweek.  29 U.S.C. § 207(a)(1).  Seventy years ago, the United

States Supreme Court established that an employee's "regular rate" for any workweek is

determined by dividing his or her total weekly wages (except statutory exclusions) by the total

number of hours worked.  Because the total weekly wages provides compensation (at the

employee's regular rate) for all hours worked (including hours over 40), the employer satisfies its obligation under the FLSA by paying an additional overtime premium equal to *one-half* of the calculated regular rate for all hours worked in excess of 40 in a workweek.

This is the exact formula Republic followed in calculating Williams' regular rate and overtime pay.  As a Commercial Driver for Republic, Williams was paid primarily through a piece rate system whereby he earned a certain rate per loose yard of waste he collected with a day rate to apply if his pay by the yard did not total $120.00 for the day.  Williams' total non-overtime pay for the week (regardless of whether through piece rate only or a combination of piece rate and day rate) compensated him for all hours that he worked in the week, not just the first 40 hours of work.  For overtime purposes, Republic computed Williams' regular rate by dividing his total compensation for the week by his total hours worked in the week.  Republic then paid Williams an additional overtime premium equal to *one-half* that regular rate for each hour worked in excess of 40 hours that week.  Stated another way, Republic paid Williams his regular hourly rate (computed by dividing total compensation by total hours worked in the week) for hours 1 through 40 in a week, and for each hour worked in excess of 40 in a week, that same regular rate plus an additional one-half times that regular rate.

Republic's "total wages divided by total hours compensated" approach to calculating regular rate and payment of overtime equal to *one-half* that regular rate is precisely the calculation required under the FLSA and is identical to the approach approved by the Supreme Court and the DOL interpretative regulations.  Indeed, Republic's method of calculating Williams' overtime complies with the FLSA because it resulted in Williams receiving overtime at *one* (straight-time compensation at a regular rate based on a combination of piece rates and day rates for all hours worked) and *one-half* (the half-time overtime premium) times his regular

rate.  Accordingly, because Williams was paid overtime compensation in accord with the FLSA as a matter of law, Republic's Motion for Summary Judgment should be granted.

## Statement of Undisputed Material Facts[1]

Republic provides waste collection and disposal services to customers in or around Jackson, Mississippi.  (Compl. ¶¶ 4-5; Ex. 1, H. Peterson Decl. ¶ 3).  Williams worked for Republic as a Commercial Driver from November 2013 to September 2014 at Republic's facility in Jackson, Mississippi.  (Ex. 1, H. Peterson Decl. ¶ 4).  As a Commercial Driver, Williams was responsible for driving his truck along routes, picking up waste from businesses, and transporting that waste to a designated transfer station or landfill.  (*Id.*)

As a Commercial Driver for Republic, Williams was paid primarily through a piece rate system whereby he earned a certain rate per loose yard of waste collected specific to his assigned route and its density with a day rate to apply if his pay by the yard did not total $120.00 for the day.  (*Id.* at ¶ 6).  Williams' total non-overtime pay for the week (regardless of whether through piece rates only or a combination of piece rates and day rates) compensated Williams for all hours that he worked that week, not just the first 8 hours in a day or the first 40 hours of work in a week.  (*Id.* at ¶ 7).  If Williams worked more than 40 hours in a workweek, Republic paid him overtime compensation at 1.5 times his regular rate for each overtime hour.  Republic calculated Williams' overtime by first taking his total compensation for the week (regardless of whether through piece rates only or a combination of piece rates and day rates), divided by his total hours worked in the week to calculate his regular rate.  (*Id.* at ¶ 8).  Republic then multiplied his regular rate by 0.5 and then multiplied that number by the number of overtime hours Williams

---

[1]      These facts are being treated as true and undisputed for purposes of summary judgment only, are not admissions by Republic, and may not be used for any purpose other than Republic's Motion for Summary Judgment.

worked to get his overtime premium for the week.  (*Id.*).  That overtime premium was then paid

to Williams in addition to all other compensation paid for that week.  (*Id.*).

The way Republic calculated Williams' regular rate and overtime pay is outlined in his

weekly pay sheet, as the following example for the week ending July 26, 2014 shows:



**Incentive pay**

Enter in Yellow cells only! Must receive authorization prior to exceeding 57.5 total hours!

| | | | |
|---|---|---|---|
| Week Ending: 07/26/14 | Route: 181 | Driver: Melvin Williams | |
| Incentive Rate $0.2391 | Incentive Type: Yardage Pay | Supervisor: Kenny Edwards | |
| Day Rate $ 120.00 | | | |

| Day | Units | Reg. Hrs. | Established Rate | Gross Regular Wages |
|---|---|---|---|---|
| Sunday | 0 | 0 | $0.00 | $0.00 |
| Special/Additional/Extra | | Dollars | | $0.00 |
| Monday | 666 | 15.32 | $10.39 | $159.24 |
| Special/Additional/Extra | | Dollars | | $0.00 |
| Tuesday | 582 | 10.02 | $13.89 | $139.16 |
| Special/Additional/Extra | | Dollars | | $0.00 |
| Wednesday | 554 | 13.23 | $10.01 | $132.46 |
| Special/Additional/Extra | | Dollars | | $0.00 |
| Thursday | 654 | 13.88 | $11.27 | $156.37 |
| Special/Additional/Extra | | Dollars | | $0.00 |
| Friday | 388 | 7.2 | $12.88 | $120.00 |
| Special/Additional/Extra | | Dollars | | $0.00 |
| Saturday | 0 | 0 | $0.00 | $0.00 |
| Special/Additional/Extra | | Dollars | | $0.00 |

| | | | |
|---|---|---|---|
| Unscheduled/Extra/Special | Hours | Established Rate $11.86 | |
| Total scheduled units serviced | 2844 | | |

| | | | |
|---|---|---|---|
| Scheduled Hours | 59.65 | Base for calculating temporary rate | $707.23 |
| Unscheduled Hours | 0 | Notes: | |
| Total Hours | 59.65 | | |
| Generated Temporary Rate | $11.86 | | |

Signature_____     Date_____

(Ex. 1, H. Peterson Decl. ¶ 5, Ex. A).

During the week ending July 26, 2014, this pay sheet shows that Williams received piece

rates in the form of yardage pay at $0.2391 per loose yard collected (pay per yard identified on

the pay sheet as "Incentive Rate" and loose yards collected identified on the pay sheet as

"Units") with a day rate of $120.00 applying on days his pay by the yard did not total $120.00

(applicable on Friday of the week ending July 26, 2014) for a total of $707.23 in straight-time compensation (*i.e.*, non-overtime compensation) for all hours worked during the week, including hours over 40.  (*Id.* at ¶ 9).  For the week ending July 26, 2014, Williams worked a total of 59.65 hours.  (*Id.* at ¶ 10).  In this example, Williams' total incentive pay — $707.23 comprised of $587.23 in piece rate yardage pay for his work Monday through Thursday combined with a $120.00 day rate for his work on Friday — covered his straight-time compensation for all 59.65 hours he worked that week (*i.e.*, the "1.0" component for hours 1-59.65).  (*Id.*)

Republic paid Williams overtime for the week ending July 26, 2014.  In the example pay sheet above, Republic calculated Williams' regular rate of pay for the week ending July 26, 2014, by adding up his total compensation for the week — including his piece rates ($587.23) and day rates ($120.00) — and dividing that total compensation ($707.23) by his total hours worked (59.65) resulting in a regular rate ($11.856, rounded to $11.86) for the week (regular rate identified on the pay sheet as "Generated Temporary Rate").  (*Id.* at ¶ 11).  Republic paid Williams at his regular rate for each of the 59.65 hours worked in the week ending July 26, 2014 (*i.e.*, the "1.0" component for hours 1-59.65).  (*Id.*).  Republic then paid Williams an overtime premium for all hours worked over 40 at 0.5 times his regular rate of pay ($5.928, rounded to $5.93).  (*Id.* at ¶ 12).  Williams' pay records show that Republic paid him 19.65 hours of overtime at $5.93 per hour, for a total of $116.52 in overtime pay for the week ending July 26, 2014 (*i.e.*, the ".5" component for all hours worked over 40).[2]  (*Id.*).  Republic added this overtime premium to Williams' straight-time compensation to arrive at his total compensation for the week.  (*Id.*).  This example illustrates how Republic calculated Williams' regular rate and overtime pay each week of his employment with Republic during the relevant time period.

---

[2]      Minor discrepancies in calculations are due to rounding.

**Argument**

**I.      Williams Was Paid Overtime At One And One-Half Times His Regular Rate**

Williams claims that Republic "failed and refused" to compensate him at one and one-half times his regular rate of pay for all hours worked over forty in a workweek.  (Compl. ¶¶ 23-26).  But Republic's method of compensating Williams (both calculating his regular rate and overtime compensation) fully complies with the FLSA and resulted in Williams receiving overtime at 1.5 times his regular rate.  Accordingly, Williams' claim fails as a matter of law and Republic's Motion for Summary Judgment should be granted.

**A.      Calculation Of The Regular Rate Under The FLSA**

The FLSA provides that, subject to certain exemptions not relevant here, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  "Regular rate" is defined as the hourly rate actually paid the employee for all remuneration for employment."  29 U.S.C. § 207(e).

Seventy years ago, the Supreme Court recognized that as long as employers comply with the minimum wage provision of the FLSA, they are "free to establish [the] regular rate at any point and in any manner they see fit.  They may agree to pay compensation according to any time or work measurement they desire."  *Walling v. Youngerman Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945).  "It was not the purpose of Congress in enacting the [FLSA] to impose upon the almost infinite variety of employment situations a single, rigid form of wage agreement."  *149 Madison Ave. Corp. v. Asselta*, 331 U.S. 199, 203-04 (1947); *Lalli v. Gen. Nutrition Ctrs., Inc.*, 814 F.3d 1, 7 (1st Cir. 2016) (recognizing the FLSA's "inherently flexible nature").  Thus, as long as they pay overtime at not less than one and one-half times the regular

6

rate, employers like Republic have the flexibility to choose from a virtually infinite array of compensation arrangements designed to incentivize and reward employees, consistent with the needs and realities of their businesses and the modern workplace.

Although employers are free to establish compensation arrangements in any manner they choose, that choice will impact the "regular rate" used in overtime calculations:

> Contracts for pay take many forms. The rate of pay may be by the hour, by piecework, by the week, month or year, and with or without a guarantee that earnings for a period of time shall be at least a stated sum. The regular rate may vary from week to week. . . . The employee's hours may be regular or irregular. From all such wages the regularly hourly rate must be extracted.

*Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 460-61 (1948). The regular rate is derived from whatever compensation arrangement the parties establish:

> The regular rate by its very nature must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of overtime payments. It is . . . an actual fact. Once the parties have decided upon the amount of wages . . . the determination of the regular rate becomes a matter of mathematical computation.

*Walling*, 325 U.S. at 424-25; *see Bay Ridge*, 334 U.S. at 461 (the regular rate is determined by looking to the employment arrangement because "every contract of employment, written or oral, explicitly or implicitly includes a regular rate of pay for the person employed").

In *Overnight Transp. Co. v. Missel*, the Supreme Court explained the "mathematical computation" that must be used to determine an employee's regular rate: "Wage[s] divided by hours equals regular rate." 316 U.S. 572, 580 n.16 (1942). Section 778.109 of the FLSA's interpretative regulations echoes *Missel* and likewise explains that the regular hourly rate of pay "is determined by dividing [the employee's] total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.

Although the FLSA regulations state that the "regular rate" is "a rate per hour," the regulations are clear that the FLSA "does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission, *or other basis*," provided that "the overtime compensation due to [the] employee[] must be computed on the basis of the hourly rate derived therefrom."  29 C.F.R. § 778.109 (emphasis added).  The Supreme Court likewise has recognized that an employment relationship may provide for any number of compensation arrangements.  *Missel*, 316 U.S. at 579-80 (citing, by way of example, hourly and piece rates).  Despite the almost limitless variation on compensation plans, however, the "same method of computation produces the regular rate for each week"—*i.e.*, total wages divided by total number of hours compensated by those wages.  *Id.* at 580; *Bay Ridge*, 334 U.S. at 461; *Ransom v. M. Patel Enters.*, 734 F.3d 377, 381 n.7 (5th Cir. 2013) ("Wage divided by hours equals regular rate."); *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1311-13 (10th Cir. 2011) ("[T]he first step in calculating the regular rate over a particular week is to total the week's straight time pay and add-ons" and this total should then be divided by the "actual hours worked by the employee" to obtain the regular rate; in short, "the FLSA hourly regular rate is calculated by dividing the relevant weekly compensation by the actual hours worked.").

**B.**    **The Overtime Premium Is An Additional One-Half Times The Regular Rate**

If, as here, an employee's total wages provides compensation for all hours worked in a workweek (including hours worked over 40) at a regular rate of at least the minimum wage, the employer's only remaining obligation under the FLSA's overtime provision is to pay an additional *one-half* of that regular rate for each overtime hour worked, thereby providing the required "one and one-half times the regular rate" for all overtime hours.  *Chavez*, 630 F.3d at 1313.  In short, the FLSA's overtime rule is simple:  (a) total wages for any workweek divided

by the total number of hours compensated by those wages equals the employee's regular rate; and (b) where the wages provide compensation (at the calculated regular rate) for all hours worked, the payment of an additional one-half of that regular rate for all overtime hours worked satisfies the FLSA's "time and one-half" requirement.  Stated differently, the "time" component of Williams' overtime compensation is already paid (by the contractual wages) for all hours worked (including overtime hours), leaving only the "and one-half" component as the additional overtime premium obligation.  Thus, where, as here, an employee's pay provides compensation (at the regular rate) for all hours worked, paying an overtime premium equal to one-half that regular rate is all that is required by the FLSA.  *See, e.g.*, *Walling*, 325 U.S. at 426 (regular rate is for all hours worked, so compliance with "time and one-half" obligation requires only an additional 50% premium for hours worked above 40); *Flood v. New Hanover Cnty.*, 125 F.3d 249, 252 (4th Cir. 1997) ("Since the employer has already paid the employee a regular rate of pay for all of the hours that the employee worked, including the overtime hours, it only has to pay an additional one-half time pay premium for the overtime hours."); *Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 634 (5th Cir. 2001) ("[S]ince the employee already receives 100% of his regular rate of pay for each overtime hour worked, the time and one-half overtime provision of 29 U.S.C. § 207(a)(1) requires that the employee receive only an addition 50 % of his regular rate for each overtime hour."); *Zumerling v. Devine,* 769 F.2d 745, 753 (Fed. Cir. 1985) (noting that "one-half pay when added to straight time pay totals the one and one-half time rate mandated by law").

This is precisely the formula Republic followed — because Williams' total compensation for the workweek (in the form of piece rates and day rates) provided compensation (at the regular rate) for all hours worked (not just the first 40), Republic properly paid an overtime premium

equal to one-half the regular rate for each overtime hour.  For example, for the week ending July 26, 2014, Williams earned $587.23 in piece rates (yardage pay) and $120.00 in day rates for a total of $707.23 in straight time pay (*i.e.*, non-overtime compensation) for all hours worked during the week.  Republic added up Williams' total compensation for the week (piece rates and day rates) and divided that total compensation ($707.23) by his total hours worked (59.65) to determine his regular rate ($11.86) that week.  Republic then multiplied this regular rate by one-half ($5.93) and again by the hours Williams worked in excess of forty (19.65) to compute his overtime premium ($116.52), which, when added to his incentive compensation, resulted in a total weekly pay of $823.75.  Republic's method of calculating Williams' regular rate and overtime can be simplified with the following formulas:

**[Total Compensation (Piece Rates + Day Rates) ÷ All Hours Worked] = Regular Rate**

**Regular Rate × 0.5 × (Hours Worked − 40) = Overtime Premium**

Republic's method of calculating Williams' regular rate and overtime pay is consistent with the FLSA.  Indeed, just last month, a District Court Magistrate Judge in this Circuit concluded in a recommended order that the same Republic compensation plan at issue here — *i.e.*, compensation through a combination of piece rates and day rates, calculation of regular rate by dividing total weekly compensation by total number of hours worked that week, and overtime premium of one-half the regular rate multiplied by the hours worked in excess of forty — is "valid" and "consistent with the FLSA."  *Serrano v. Republic Servs.*, No. 2:14-cv-00077, Dkt. No. 150 pp. 13-14, 26 (S.D. Tex. Oct. 26, 2016), attached as Exhibit 2.

Williams likely will argue that the proper calculation of the regular rate is to divide his total compensation for the week by *forty* hours (rather than all hours worked).  However, the Fifth Circuit has acknowledged that the "general rule" is to divide an employee's total

compensation by all hours worked rather than only non-overtime hours.  *Ransom*, 734 F.3d at

381 n.7; *see Martinez v. Refinery Terminal Fire Co.*, No. 2:11-cv-295, 2014 WL 7188777, at *11

(S.D. Tex. Dec. 16, 2014) ("when determining the regular rate, the parties must use all hours

worked as the denominator").  Further, the Tenth Circuit has rejected such an argument, holding

that "the FLSA hourly regular rate is calculated by dividing the relevant weekly compensation by

the actual hours worked, rather than the normal workweek."  *Chavez*, 630 F.3d at 1313; *see*

*Zumerling*, 769 F.2d at 752 (stating that the regular rate should be calculated using *all* hours

worked and rejecting the argument that "the total hours used to compute an hourly rate cannot

include overtime hours, even if remuneration included in calculating the rate is received for

them").  Accordingly, Republic properly calculated Williams' regular rate according to the

"general rule": dividing total weekly remuneration by all hours worked.

     Williams also likely will contend that he should have received straight-time

compensation for each hour of work in excess of 40 in a week, and then *an additional* time and

one-half on top of that.  As the Tenth Circuit has recognized, Williams' argument "that the FLSA

requires that [he] receive the regular rate for all hours worked and the regular rate and one-half

for overtime hours . . . is without merit.  Under that scenario, [Williams] would receive **two and**

**one-half times** the regular rate for each overtime hour worked, which is more than the one and

one-half that the FLSA requires."  *Chavez*, 630 F.3d at 1313 (emphasis added); *see Hanson v.*

*Camin Cargo Control, Inc.*, No. H-13-0027, 2015 WL 1737394, at *8 (S.D. Tex. Apr. 16, 2015)

("Because the [employees] have already received straight-time pay for all hours worked, . . . they

are entitled only to additional half-time pay for each overtime hour."). [3]  Accordingly, Williams

was paid overtime at time and one-half his regular rate in compliance with the FLSA.

---

[3]     The *Hanson* court explicitly rejected the argument that the regular rate should be determined by
dividing total compensation by 40 hours (rather than all hours worked), stating that "nothing in the

**C.      The DOL's Interpretive Bulletin Provides Examples Of The
          "Wages Divided By Hours Compensated" Approach**

In 1968, the DOL issued an interpretive bulletin announcing its agreement with the

"wages divided by hours compensated" approach adopted by the Supreme Court:

> [T]he regular hourly rate of pay of an employee is determined by dividing his
> total remuneration for employment (except statutory exclusions) in any workweek
> by the total number of hours actually worked by him in that workweek for which
> such compensation was paid.

29 C.F.R. § 778.109; *see also* 29 C.F.R. § 778.108 (relying on the Supreme Court's decisions in

*Bay Ridge* and *Walling* as foundation of "wages divided by hours compensated" approach).  The

DOL's adoption of the Supreme Court's longstanding view that regular rate is determined by

dividing total wages by total hours worked that were compensated by those wages "is consistent

with the statutory language" of the FLSA.  *Chavez*, 630 F.3d at 1313.

In the sections following § 778.109, the interpretive bulletin provides examples of

"different employment arrangements and the proper method for complying with the FLSA for

each type of arrangement."  *Allen v. Bd of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th

Cir. 2007).  The examples for regular rate and overtime calculations include hourly, piecework,

day rate, job rate, salary for fixed hours, salary for fluctuating hours, and commission

arrangements.  29 C.F.R. §§ 778.110-.122.  The DOL made clear, however, that the examples

provided in the interpretive bulletin are neither exhaustive nor limiting:  "The following sections

give *some examples* of the proper method of determining the regular rate of pay in particular

---

[FLSA] or the DOL regulations mention such a" rule.  2015 WL 1737394, at *6; *see also Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1138-39 (5th Cir. 1988) (stating that the regular rate is determined "by dividing the actual hours worked each workweek into the" total compensation for the workweek, and "overtime payment for that week is then determined by multiplying all hours over 40 in the workweek by 1/2 the regular rate for that workweek"); *Givens v. Will Do, Inc. Houston*, No. 4:10-CV-02846, 2012 WL 1597309, at **4-6 (S.D. Tex. May 4, 2012) (recognizing that calculating regular rate by dividing total compensation by 40 hours—not all hours worked—is "contrary to tradition" and finds no support in the FLSA, any regulation, or case law).

instances."  29 C.F.R. § 778.109 (emphasis added); *see also Allen*, 495 F.3d at 1313 (each example "exemplifies one way that a regular rate may be determined" but is not a blanket rule that prohibits employers from other compensation arrangements.); *Bailey v. Cnty of Georgetown*, 94 F.3d 152, 154 n.3 n.5 (4th Cir. 1996) (recognizing that "section 778.114 and other sections" following 29 C.F.R. § 778.109 "give some examples" and "means by which" regular rate may be determined in particular instances); *Kornbau v. Frito Lay N. Am., Inc.*, No. 4:11CV02630, 2012 WL 3778977, at *3 (N.D. Ohio Aug. 30, 2012) ("[T]he regulations make it clear that the FLSA allows employers to pay non-overtime compensation in a variety of ways, and provides examples for overtime calculations depending upon different non-overtime wage schemes.").

For example, under 29 C.F.R. § 778.110(a), when an employee "is employed solely on the basis of a single hourly rate, the hourly rate is the 'regular rate,'" and the overtime rate is one and one-half times this "regular rate."  Stated differently, the overtime premium is simply one-half the "regular rate"; multiplying this overtime premium by the number of overtime hours worked yields the overtime amount that is due (the regular rate or 1.0 rate already having been paid for the overtime hours).  *See id.*  Another example, provided at 29 C.F.R. § 778.111, applies to a "pieceworker" and states:

> When an employee is employed on a piece-rate basis, the regular hourly rate of pay is computed by adding together total earnings for the workweek from piece rates and all other sources (such as production bonuses) and any sums paid for waiting time or other hours worked (except statutory exclusions).  This sum is then divided by the number of hours worked in the week for which such compensation was paid, to yield the pieceworker's "regular rate" for that week. For overtime work the pieceworker is entitled to be paid, in addition to the total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week. . . . Only additional half-time pay is required in such cases where the employee has already received straight-time compensation at piece rates or by supplementary payments for all hours worked.

Another example, provided at 29 C.F.R. § 778.112, involves an employee who is paid only a day rate or job rate:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

As the above examples make clear, for employees receiving hourly, piece, or day rates, the regular rate is calculated by dividing total weekly compensation by all hours worked. *See* 29 C.F.R. §§ 778.110, 778.111, 778.112. Similarly, for employees who are compensated by more than one rate, "the combined pay for those rates must be used in calculating all remuneration for employment. The total remuneration for employment is then divided by the total number of hours actually worked in that workweek." *Allen*, 495 F.3d at 1311-12 (citations omitted). As the Eleventh Circuit recognized, the DOL interpretive bulletin does not mandate that different type of work be performed in order for this method to be used. *Allen* involved § 778.115:

> Where an employee in a single workweek works at two or more different types of work for which different nonovertime rates of pay . . . have been established, his regular rate for that week is the weighted average of such rates. That is, his total earnings . . . are . . . divided by the total number of hours worked at all jobs.

29 C.F.R. § 778.115.[4] The employees in *Allen* argued that their employer did not comply with § 778.115 because it used different rates of pay for the *same* (not different) types of work. *Allen*, 495 F.3d at 1312. Even though § 778.115—by its own terms—applies only when "different types of work" are performed, the Eleventh Circuit rejected the employee's argument,

---

[4]      The only example provided by the DOL in which the denominator for the regular rate calculation is not all hours worked in a week is where an employee is paid a specific weekly salary for a fixed, non-fluctuating number of hours. 29 C.F.R. § 778.113(a). Williams was not paid a fixed weekly salary for a non-fluctuating workweek, so the general rule — total wages divided by all hours worked — applies.

recognizing that § 778.115 was merely *an example* of a type of pay plan showing how the regular rate would be calculated for that type of plan:

> [R]eading section 778.115 in the context of section 778.109, it becomes apparent that the former is one of the examples mentioned in the latter as a way that the regular rate may be calculated in certain cases.  While it exemplifies one way that a regular rate may be determined, it does not mandate that differing rates of pay are only permitted when different types of work are performed.

*Id.* at 1313.  Thus, even though the employer used different rates of pay for the *same* type of work, the employer complied with the FLSA because it adhered to the "wages divided by hours compensated" and one-half multiplier approach, which is all that is required.  *Id.*

More recently, the Court of Appeals for the First Circuit rejected a similar argument.  In *Lalli*, the plaintiff employees were paid a guaranteed weekly salary regardless of the hours worked plus a non-discretionary sales commission that varied based upon the amount of eligible sales attributed to him/her for that week.  814 F.3d at 2.  To calculate overtime, the employer (1) added together both the guaranteed salary for the week and the commissions earned that week to get the total wages; (2) divided the total wages by the number of hours the employee worked that week; and (3) paid an additional one-half of the resulting per hour rate for any hour worked in excess of 40 hours that week.  *Id.*  As the First Circuit recognized:

> Defendants employed a pay structure that combines the example set out in section 778.114 (a fixed weekly salary regardless of hours worked) with the example set out in section 778.118 (commissions paid weekly).  Because each element [of Defendants' pay structure] reflects a permissible compensation scheme, one might suspect Defendants to be on solid footing.  Instead, Plaintiff contends that two rights make a wrong, and that the commission component of the pay arrangement takes the pay scheme as a whole outside the example provided in section 778.114.

*Id.* at 4.  The First Circuit rejected the plaintiffs' theory, concluding that the employer's "pay scheme epitomizes the compensation arrangements illustrated in sections 778.114 and 778.118, and the mere combination of these two permissible methods does not render the former inapplicable."  *Id.* at 10.

**D.     Republic Was Not Required To Comply With 29 C.F.R. § 778.112 Or Any Other Example Provided In The DOL's Interpretive Bulletin**

To the extent Williams argues that, because Republic's method of compensating him included a day rate, Republic must have attempted to compensate him under the day rate provision, 29 C.F.R. § 778.112, and that the following language in the day rate provision—"if he receives no other form of compensation for services"— prohibits compensation plans that combine day rates and other forms of compensation, his argument is without merit.

The premise of such an argument is flawed.  An employer is not required to comply with § 778.112 or comport with *any* of the examples in the interpretive bulletin.  *See Lalli*, 814 F.3d at 10 n.11 ("We do not mean to imply, however, that a pay scheme must fall within a regulatory example in order to comply with the [FLSA].").  Like the other examples in the interpretive bulletin, the day rate provision—29 C.F.R. § 778.112—merely provides an example of how the regular rate may be calculated under the circumstances described—*i.e.*, when an employee is paid a day rate and "no other form of compensation for services."[5]  While § 778.112 describes how the regular rate and overtime pay may be calculated when an employee is paid only a day rate, it does not impose restrictions, conditions, or limitations on an employer's flexibility to establish other compensation arrangements consistent with the needs and realities of its business, so long as the compensation arrangement adheres to the standard "wages divided by hours compensated" approach to determining the regular rate and the employer pays an additional half-time measure for all overtime hours.  *See Lalli*, 814 F.3d at 10 n.11; *Allen*, 495 F.3d at 1313.

---

[5]     The "no other form of compensation" qualifier in § 778.112 is meant to distinguish that example from the immediately preceding example outlined in § 778.111, which calculates the regular rate and overtime payments using a hypothetical pay plan that includes piece rates *and* other forms of compensation (including "waiting time" paid at an hourly rate and "production bonuses").  Instead of being a legal requirement, the qualifier in § 778.112 is simply a rhetorical device meant to contrast the example in the previous section.

Indeed, § 778.112—like all of the examples in the interpretive bulletin—must be read in context as but one *example* of the application of the overarching rule that an employee's regular rate is determined by dividing his total remuneration for employment in any workweek by the total number of hours actually worked in that workweek for which such compensation was paid. 29 C.F.R. § 778.109; *see Bailey*, 94 F.3d at 154, 154 n.5 (rejecting the argument that "because the requirements of section 778.114 had not been met . . . the plan therefore violated the FLSA," stating that a belief that "section 778.114 represents an exception to the FLSA, rather than an elaboration upon it . . . [is] mistaken [because] section 778.114 simply provides one means by which . . . regular rate of pay may be determined"); *Allen*, 495 F.3d at 1312-13 (recognizing that § 778.115 is an example of how regular rate may be calculated in that situation but "does not mandate that differing rates of pay are only permitted when different types of work are performed"); *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 596 n.11 (2d Cir. 2007) (argument that payment of two different rates for the *same* work violates the FLSA because § 778.115 assumes that the two rates of pay are a result of *different* work "misapprehends the purpose of the regulation, which is simply to provide an example of a means of calculating the regular rate"); *Serrano*, No. 2:14-cv-00777, Dkt. 150 p. 23 ("Sections 778.112 and 778.115 are merely illustrations offered by the DOL to demonstrate how the regular rate should be calculated for certain compensation schemes — they do not 'expressly require' a particular methodology.").

Even if it is determined that Republic did not comply with § 778.112 because Williams received "other forms of compensation" in addition to his day rate under Republic's compensation plan, then the most that can be said is that § 778.112 does not apply.  That does not mean that Republic violated the FLSA.  Rather, the rule of *Missel*, *Walling*, *Chavez*, *Allen*, and § 778.109 would still apply—that is:  (a) total wages divided by the total number of hours

equals the regular rate, and (b) one-half of that regular rate must be paid as an overtime premium for all hours worked in excess of 40 in the workweek.  *See Serrano*, No. 2:14-cv-00777, Dkt. 150 p. 23 ("To the extent that [Republic's] compensation scheme does not correspond to the examples in the DOL interpretive bulletin, those examples are not directly on point and the regular rate may be computed for each individual employee according to the general rule: total weekly remuneration divided by the total number of hours worked in that week.").

In fact, the DOL has previously approved this method of calculating regular rate and overtime where an employee receives a day rate *and* additional compensation.  In DOL Opinion Letter FLSA-953, the U.S. Secretary of Labor was asked to weigh in on a compensation plan that paid bus drivers (who also worked as custodians) a fixed $10 per day rate and $2.00 per hour for extra bus trips.  *See* Dep't of Labor Opinion Letter FLSA-953 (June 22, 1967) at 1, attached to this Motion as Exhibit 3.  The DOL recognized and explained that:

> Section 778.112 states that if an employee is paid a flat sum for a day's work without regard to the number of hours worked in the day, and if he receives no other form of compensation for services, his regular rate is determined by totaling all of the sums received at such day rates in the workweek and dividing by the total hours actually worked.  He is then entitled to extra half-time pay at this rate for all hours worked in excess of the applicable maximum workweek.  **In those workweeks when he makes 'extra trips' at $2.00 per hour, the hours worked and the wages received must be added to the total hours worked and the total earnings received.  The total wages at both day rates and hourly rates are added together and divided by the total hours worked to determine the regular rate for that week.  Additional half-time must then be paid on the new regular rate.**

*Id.* (emphasis added).  Thus, the DOL has approved of a compensation structure similar to the one at issue in this case: (1) day rates and "other form[s] of compensation"; (2) combining day rates with other forms of compensation to arrive at the regular rate of pay; and (3) calculating overtime by using the half-time method.  *See id.*

Nearly 35 years after this Opinion Letter, the United States District Court for the Eastern

District of Michigan reached the same conclusion in a case involving garbage truck drivers with compensation plans very similar to the ones at issue in this case.  In *Sexton v. BFI Waste Systems of North America*, truck drivers were paid on a day rate basis and also received "additional compensation in the form of special pay on the same day they received a day rate."  No. 00-CV-73473, 2002 U.S. Dist. LEXIS 26129, at *16 (E.D. Mich. Dec. 3. 2002).  The summary judgment record in *Sexton* reveals that the "special pay" or "extra pay" was given to drivers on a flat rate to compensate them for additional tasks they performed beyond their regular routes. *See* Affidavit of Carol Webber ¶ 7, attached to this Motion as Exhibit 4.  The plaintiff in *Sexton* argued that the extra compensation in addition to his day rates prevented the employer from paying overtime at half of the employee's regular rate. *Id*. ("Plaintiff contends that because he has received another 'form of compensation for services,' his pay should not be calculated according to [Section 778.112].").  The court rejected this argument; relying on and giving deference to Opinion Letter FLSA-953 (described as "a permissible interpretation of the FLSA by the [DOL]),"  the *Sexton* court found that "the special/extra pay . . . is analogous to the $2.00 per hour for extra trips paid to bus drivers in that (Opinion Letter)," and consequently upheld the company's calculation of overtime on a half-time basis when the employees received a day-rate in conjunction with additional compensation. *Id*. at *18.  The same result is warranted here.

Indeed, just last year, a court in this Circuit rejected the argument that an employer can "violate" the examples set forth in the DOL's interpretive bulletin at §§ 778.110-.122:

> Although some courts do speak of "violating" [29 C.F.R. § 778.114], the term is misleading because no employer is obligated to compensate its employees using this (or any other) particular pay arrangement.  . . . The regulations provide several examples of the proper method of determining the regular hourly rate in particular instances, and § 778.114 is merely one of those examples.  If the employer's compensation scheme does not fit the scenario described in § 778.114, then that section does not apply by its own terms.  But it does not follow that there has been a "violation" of § 778.114, any more than there has been a "violation" of

> the piece rate method (§ 778.111), or the day rate method (§ 778.112), or the deferred commission method (§ 778.119).  Those types of pay arrangements are simply inapplicable by their own terms, just like the fluctuating workweek.  So, we must turn elsewhere to compute the regular rate.

*Hanson*, 2015 WL 1737394, at *6.  The *Hanson* court explained that even if the examples provided in the DOL's interpretive bulletin do not apply, the "traditional method of computing the regular rate"—*i.e.*, the regular rate is determined by dividing the employee's total wages for the week by the total number of hours worked in that workweek for which such compensation was paid—still applies.  *Id.* (citing *Missel*, 361 U.S. at 580 n.16 and 29 C.F.R. § 778.109). Because the employees in *Hanson* were already paid their regular rate for all hours worked, they were only entitled to an additional "half-time" overtime premium for hours worked in excess of 40 in the week.  *Id.* at *8.

The same conclusion must be reached here.  Even if § 778.112 is inapplicable because Williams received "other forms of compensation" in addition to his day rate under Republic's compensation plan, all it means is that the example set out in § 778.112 "does not apply by its own terms."  *See Hanson*, 2015 WL 1737394, at *6.  "[I]t does not follow that there has been a 'violation' of [§ 778.112]" or that Republic's compensation plan runs afoul of the FLSA's regular rate and overtime calculation requirements.  *See id.*  Rather, the "traditional method of computing the regular rate" still applies—*i.e.*, the regular rate is determined by dividing Williams' total wages for the week by the total number of hours worked in that workweek for which such compensation was paid.  *Id.*  That is precisely the calculation Republic used to determine Williams' regular rate.  Williams' total compensation for the week (including both piece rates and day rates) compensated him for all hours he worked that week, not just the first 8 hours he worked in a day or the first 40 hours of work in a week; accordingly, Republic determined Williams' regular rate by dividing the total compensation for the workweek

(including piece rates and day rates) by his total hours worked for the workweek.

"For each hour of overtime worked in a given week, an employee is entitled to one and one-half times his regular rate of pay for that workweek." *Hanson*, 2015 WL 1737394, at *8 (citing 29 U.S.C. § 207(a)). Such overtime payments include two basic components—one portion that is straight-time compensation for all hours worked and another that represents one-half of the employee's regular rate paid for overtime hours. Because Williams—by way of piece rates and day rates—has "already received straight-time pay for all hours worked . . . [he is] entitled only to additional half-time pay for each overtime hour," which he has already received under Republic's compensation plan. *Id.* Indeed, this additional half-time compensation for all overtime hours, when added to Williams' straight-time compensation for hours over 40, resulted in Williams receiving overtime at 1.5 times his regular rate in accordance with the FLSA, its regulations, and Supreme Court cases.

For example, for the week ending July 26, 2014, Republic calculated Williams' overtime by first dividing his total compensation ($707.23 in piece rates and day rates) by his total hours worked (59.65), resulting in a regular rate of $11.86 for the week. Because Williams' piece rates and day rates provided straight-time compensation to Williams for all his hours worked, Republic paid Williams an additional overtime premium equal to *one-half* of his regular rate ($5.93) for all hours worked in excess of 40 in that workweek (19.65 hours), totaling $116.52. Republic then added this overtime premium ($116.52) to his straight time pay ($707.23) for a total compensation of $823.75 for the week ending July 26, 2014. This method of calculating Williams' overtime complies with the FLSA because it resulted in Williams receiving overtime at *one* (straight-time compensation at regular rate based on combination of piece/day rates for all hours worked) *and one-half* (half-time overtime premium) times his regular rate.

Williams' argument that a day rate cannot be combined with any other form of compensation makes little sense.  Here, Williams was paid primarily through a piece rate system (earning a certain rate per loose yard of waste he collected) with a day rate to apply only if his piece rates did not total $120.00 for the day.  The piece-rate provision (29 C.F.R. § 778.111(a)), includes no such qualifying language and, to the contrary, *specifically* endorses a compensation structure that includes payments on a piece-rate basis as well as "other sources" of compensation such as payments on an hourly basis. *See also id.* (describing a pay plan combining piece rates for "productive work" and hourly pay for "waiting time" and explaining that "[o]nly additional half-time pay is required in such cases where the employee has already received straight-time compensation at piece rates or by supplementary payments for all hours worked.").

In addition, under Williams' flawed argument, if an employee is paid predominantly by piece rates but also receives one nominal day rate during the week, that would constitute a violation of the FLSA because the employee received a day rate as well as other forms of compensation.  Yet such a result is nonsensical.  In other words, because overtime under both a day-rate plan and a piece-rate plan is calculated on a 0.5 basis, Williams' argument that combining the two requires an overtime premium at 1.5 times the regular rate (which in this case would result in overtime payments at 2.5 the regular rate) makes no sense whatsoever. *See Lalli*, 2016 WL 563071, at *8 (concluding that "the mere combination of these two permissible methods does not render the former inapplicable"); *see also Chavez*, 630 F.3d at 1313 ("Under that scenario, [the plaintiffs] would receive two and one-half times the regular rate for each overtime hour worked, which is more than the one and one-half that the FLSA requires.").

Furthermore, Williams' argument, taken to its logical conclusion, would upend how overtime on bonuses or commissions are calculated for employees paid, in whole or in part, by a

22

day rate.  Overtime for an employee paid by a day rate is calculated by adding all day rates in the workweek and dividing by total hours worked, and then by providing the employee with extra half-time pay for each hour worked in excess of 40 in the week.  29 C.F.R. § 778.112.  Overtime on commissions is calculated the same way:  the total of all commissions earned in the workweek are divided by all hours worked, and then the employee "must then be paid extra compensation at one-half that rate for each worked in excess of" 40 that week.  29 C.F.R. § 778.118.  And the same goes for overtime on bonuses:  an "employee must then receive an additional amount of compensation for each workweek that he worked overtime during the period equal to one-half of the hourly rate of pay allocable to the bonus for that week multiplied by the number of statutory overtime hours worked during the week."  29 C.F.R. § 778.209(b).  But under Williams' logic, an employee who receives a day rate cannot receive commissions for sales he or she makes without invaliding the half-time calculation method, and such an employee cannot receive a safety or attendance bonus without transforming the half-time calculation method into a time and one-half method.  Williams thus asks the Court to provide employers with a disincentive to pay day rate employees with additional compensation that other employees could and do typically earn.

Because Republic's method of compensating Williams (both calculating his regular rate and overtime compensation) fully complies with the FLSA and resulted in Williams receiving overtime at 1.5 times his regular rate, Williams' claim fails as a matter of law.

E.     ***Rodriguez v. Republic Services* Is Inapplicable And Should Not Be Followed**

Williams may rely on *Rodriguez v. Republic Services, Inc.*, No. SA-13-CV-20-XR, 2013 U.S. Dist. LEXIS 112955 (W.D. Tex. Aug. 12, 2013) and 2013 U.S. Dist. LEXIS 147921 (W.D. Tex. Oct. 15, 2013), to argue that the day rate example in the interpretive bulletin prohibits the use of Republic's compensation plan.  *Rodriguez* involved residential drivers who worked in

Republic's San Antonio, Texas facility.  Those drivers were paid a flat day rate for their regularly-scheduled work days, Monday through Friday.  On occasion, when they were required to work an additional sixth day on the weekends, Republic paid them an hourly rate for that day. *Rodriguez*, 2013 U.S. Dist. LEXIS 112955 at *1-4.  Republic sought summary judgment on the validity under the FLSA of this compensation plan and its calculation of the regular rate for overtime purposes.  But the Court denied summary judgment.  The premise of the Court's decision in *Rodriguez* is that, for a compensation plan that combines day rates and hourly rates to be lawful, the work for which a day rate is paid and the work for which an hourly rate is paid must be different.  *Id.* at *13 ("The Court does not find that the DOL regulations provide support for the possibility of a compensation scheme awarding both day and hourly rates for the completion of the same type of work.  The only regulation which explicitly covers employment arrangements involving two different rates being paid to an employee is section 778.115, and this section expressly requires that the employee undertake 'different kinds of work.'").

*Rodriguez* should not be followed here because it is distinguishable.  *Rodriguez* involved drivers who were paid a day rate for the majority of work during their regular schedules on weekdays, plus hourly rates for extra weekend work.  This type of compensation plan is distinguishable from Republic's method of compensating Williams, which involved a combination of day rates and piece rates (not hourly rates).  The *Rodriguez* court concluded that Republic could not use the half-time method of calculating overtime described in the day rate provision where the employee was paid a day rate and an hourly rate.  Thus, the reasoning of *Rodriguez* is inapplicable to Williams because his compensation did not include an hourly rate component, but, rather, combined only piece rate and day rate payments, both of which provide for overtime compensation at 0.5 times the regular rate.  *See* 29 C.F.R. §§ 778.111-.112.

Moreover, *Rodriguez* should not be followed because it was wrongly decided.  It ignored the undeniable fact that the day rate provision — 29 C.F.R. § 778.112 — was provided by the DOL merely as one of several "examples" to illustrate the proper calculation of the regular rate in the "particular instance[]" described—*i.e.*, when an employee is paid *only* a day rate, *see* 29 C.F.R. § 778.109.  For that reason, a court in this Circuit recently stated that it "disagrees with [the] contention that the *Rodriguez* case compels a ruling in [Republic drivers'] favor" because "Sections 778.112 and 778.115 are merely illustrations offered by the DOL to demonstrate how the regular rate should be calculated for certain compensation schemes —they do not 'expressly require' a particular methodology."  *Serrano*, No. 2:14-cv-00777, Dkt. 150 p. 23.  The *Rodriguez* court also refused to consider Opinion Letter FLSA-953 based on its misinterpretation that the facts involved employees who received different pay for two different types of work—whereas the Opinion Letter explains clearly that the hourly pay given to the bus drivers in addition to their day rates were intended to cover "extra bus trips" (*i.e.*, additional compensation on top of their "regular" bus trips and custodial duties).  In addition, *Rodriguez*'s conclusion that the inclusion of hourly compensation in the compensation plan precludes the half-time method of calculating overtime conflicts with the Tenth Circuit's *Chavez* decision.  *See Chavez*, 630 F.3d at 1312-13 (stating that "a fixed and hourly component to an employee's compensation . . . does not violate the FLSA"; calculating regular rate by dividing total weekly compensation by actual hours worked and approving use of one-half multiplier to calculate overtime).  Finally, the *Rodriguez* court failed to grasp the fundamental principle that even when Republic combines day rates and hourly pay, and calculates overtime at half-time, the employees still receive overtime at 1.5 times their regular rate as required under the FLSA.[6]

---

[6]    With regard to the hourly pay component, for example, the drivers receive 1.0 of the hourly rate in accordance with the terms of the applicable pay plan, plus an extra 0.5 of their regular rate for all

To the extent the *Rodriguez* case can be construed as holding that anytime an employee is paid a day rate and receives any "other form of compensation" regardless of type — *e.g.*, piece-rate, hourly, salary, commission, bonus — the employee must receive overtime compensation at 2.5 times the regular rate, it was wrongly decided and should not be followed. As detailed above, such a reading is not supported by the FLSA, its interpretive regulations, case law, or common sense. Because Republic's method of calculating Williams' regular rate and overtime pay fully complies with the FLSA and Williams was paid overtime at 1.5 times his regular rate, Republic's Motion for Summary Judgment should be granted.

**Conclusion**

For the reasons set forth above, Republic respectfully requests that the Court grant its Motion for Summary Judgment and dismiss Williams' claim under the FLSA.

DATED:  November 17, 2016                    Respectfully submitted,

                                             BFI WASTE SERVICES, LLC


                                             By: */s/ Kara L. Goodwin*
                                             _____
                                                 Kara L. Goodwin

Timothy W. Lindsay                               Noah A. Finkel
Ogletree, Deakins, Nash, Smoak & Stewart,        Kara L. Goodwin
P.C.                                             SEYFARTH SHAW LLP
100 Renaissance                                  131 South Dearborn Street, Suite 2400
1022 Highland Colony Parkway, Suite 200          Chicago, Illinois  60603
Ridgeland, MS 39157                              (312) 460-5000
601-898-5489                                     nfinkel@seyfarth.com
timothy.lindsay@ogletreedeakins.com              kgoodwin@seyfarth.com

---

overtime hours. When combined, these two rates result in payment of overtime at 1.5 times the regular rate.  To require otherwise would result in overtime payments at 2.5 their regular rate.

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2016, a true and correct copy of the foregoing

instrument was served upon counsel of record for Plaintiff, as listed below, by the Court's

CM/ECF system:

> Louise Harrell
> P.O. Box 2977
> Jackson, MS 39207
> (601) 608-7999
> harrelllouise@aol.com

*/s/ Kara L. Goodwin*