UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MELVIN WILLIAMS, JR.                                                          PLAINTIFF

V.                                              CIVIL ACTION NO. 3:16cv75-DPJ-FKB

BFI WASTE SERVICES, LLC                                                      DEFENDANT

ORDER

This wage dispute is before the Court on Defendant BFI Waste Services, LLC's Motion for Summary Judgment [16] and Plaintiff Melvin Williams, Jr.'s Motion for Leave to File a Sur-Reply [29]. For the reasons that follow, the summary-judgment motion is granted in part. The Court finds that Williams has not met his burden under Federal Rule of Civil Procedure 56(c) to create a material dispute regarding his originally pleaded claim. But because he has raised new factual bases in his summary-judgment response, the Court will allow him to file a motion seeking leave to amend his complaint. Finally, the motion for leave to file a sur-reply is denied.

I.    Facts and Procedural History

From 2012 to 2014, Plaintiff Melvin Williams, Jr., drove a commercial truck for Defendant BFI Waste Services, LLC ("BFI"), a Mississippi waste-removal company. On February 3, 2016, Williams filed this action against BFI, seeking unpaid wages and overtime pursuant to the Fair Labor Standards Act ("FLSA"). BFI then moved for summary judgment on Williams's claim [16], and Williams responded [26]. After BFI replied [28], Williams requested leave to file a sur-reply, to which BFI responded [30]. Williams failed to reply, and the time to do so has now passed. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard

Summary judgment is warranted under Federal Rule of Civil Procedure Rule 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

III.    Analysis

   A.    Motion for Summary Judgment

Williams asserts an FLSA claim to recover his unpaid wages and overtime. Specifically, he alleges that BFI failed to provide him his "complete wages," including time-and-one-half of his regular pay for "all hours worked" in excess of forty hours in a workweek. Compl. [1] ¶ 15. In support of these contentions, Williams initially offered the following facts: (1) BFI frequently

required Williams to work weekends, and (2) BFI used a "fixed base day rate plus an 'incentive' for each day worked" compensation method that deprived Williams of an FLSA-compliant wage. *Id.* ¶¶ 17–20. When BFI moved for summary judgment as to these claims, Williams offered a new theory, claiming that BFI failed "to compensate him for all hours worked" by deducting from his wages the hours worked through his 30-minute meal period and his "off the clock" pre- and post-trip inspections. Mem. [27] at 4–5. The Court will address both of Williams's theories in turn.

       i.      Claim in the Complaint

Because Williams initially pleaded a claim based on an improper compensation method, the Court must first determine whether that claim survives BFI's summary-judgment motion. In his response, Williams does not concede the motion, but he also fails to explain why the Court should reject BFI's well-reasoned argument. The Court therefore agrees with BFI that Williams has abandoned his original claim. *See* Reply [28] at 2–4. Regardless, Williams has not created a jury question regarding this claim; summary judgment is therefore granted.

      ii.      New Allegations in Response

Instead of defending his clearly pleaded claim, Williams asserts that the "fact questions" before the Court are whether BFI improperly deducted from his wages the time worked through meal periods and whether BFI compensated him for off-the-clock inspections. Mem. [27] at 4–5. So the question becomes whether these theories of liability are reflected in the Complaint. According to Williams, they are. *See, e.g.*, Compl. [1] ¶¶ 28, 43 (alleging that BFI failed to compensate him "for all hours worked" and paid him "a wage rate not in compliance with the FLSA"). But absent some factual averments, the statements he cites are mere legal conclusions

that fail to state a plausible claim. Accordingly, the Court finds that the new theories were not adequately pleaded.[1]

Because these theories were never pleaded, BFI urges the Court to grant summary judgment on this basis alone, but to do so would ignore a Fifth Circuit split. The Fifth Circuit has often held, in both reported and unreported opinions, that "[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)). This rule is rooted in the need to provide adequate notice. For example, in *De Franceschi v. BAC Home Loans Servicing, L.P.*, the plaintiff's summary-judgment response raised "new factual allegations and theories of liability not present in the pleadings." 477 F. App'x 200, 204 (5th Cir. 2012). The court first noted that "[a] properly pleaded complaint must give 'fair notice of what the claim is *and the grounds upon which it rests*.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 698–99 (2009)) (emphasis added). It then held that "district courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary judgment." *Id.*; *see also Roberts v. Lubrizol Corp.*, 582 F. App'x 455, 461 (5th Cir. 2014) (holding that harassment claim raised for first time in summary-judgment response was not properly before the district court even though complaint generally used terms such as "harassment" and "hostile work environment" because "plaintiff

---

[1] The Court would not have expected a motion to dismiss the complaint as drafted because the weekend-work and compensation-calculation averments put the legal conclusions in context. BFI was unable to know that Williams's argument would change course.

expressly and clearly laid out two causes of action—one for discrimination and one for retaliation").

Importantly here, the rule disallowing new legal claims has also been applied to new factual bases for previously pleaded legal theories. *See, e.g.*, *De Franceschi*, 977 F. App'x at 204; *see also Green v. JP Morgan Chase Bank, N.A.*, 562 F. App'x 238, 240 (5th Cir. 2014) (affirming refusal to consider new factual theory); *Clark v. Gen. Motors*, No. 3:14cv505-DPJ-FKB, 2016 WL 3574408, at *6 (S.D. Miss. June 23, 2016); *Benavides v. EMC Mortg. Corp.*, No. 3-12-46, 2013 WL 416195, at *4 (S.D. Tex. Jan. 31, 2013) (Costa, J.) (refusing to consider new factual theory supporting previously pleaded legal cause of action). Based on this line of cases, summary judgment might be appropriate.

But there is an equally well-developed body of Fifth Circuit law holding that courts should construe new theories in a summary-judgment response as a motion to amend. *See, e.g.*, *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008); *Debowale v. US Inc.*, No. 95-20031, 1995 WL 450199, at *1 (5th Cir. 1995) (per curiam) (holding that "[t]he district court should have construed [the plaintiff's] *Bivens* claim, raised for the first time in his response to the summary judgment motion, as a motion to amend the complaint under [Rule] 15(a) and granted it"). "This [rule] is particularly true where . . . the litigant is *pro se* and has not yet made any amendments to her complaint." *Riley v. Sch. Bd. Union Par.*, 379 F. App'x 335, 341 (5th Cir. 2010). But it has also been applied to represented parties. *See Stover*, 549 F.3d at 989 n.2; *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972).

Frankly, the Court struggles when presented with this situation. Williams never sought leave to amend, and the deadline to do so has now passed. Further, under Uniform Local Rule 7(b)(3)(C), a motion cannot be asserted in the body of a response. *See Loomis v. Starkville Miss.*

5

*Pub. Sch. Dist.*, 150 F. Supp. 3d 730, 753, 753 n.10 (N.D. Miss. 2015) (construing new claims as a motion for leave to amend but denying leave in part because local rule requires a separately filed motion) (citing L.U. Civ. R. 7(b)(3)). But significant here, BFI anticipated that the Court may construe Williams's response as a motion to amend and addressed the appropriate issues in its reply.

    iii. Leave to Amend

Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). That rule provides that scheduling orders, such as the CMO's amendment deadline in this case, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). If a party shows good cause under Rule 16(b), the Court will grant amendment where justice so requires under Rule 15(a). *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015). But a Court need not grant leave to file a futile amended complaint. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

BFI argues that the Court should deny Williams leave to amend. Reply [27] at 8–10. Invoking Rule 16(b), BFI says that Williams cannot show good cause. And even if he could, BFI contends his claims are futile under Rule 15(a). But the Court declines to decide whether Williams is able to show good cause without hearing from him first. And were the Court to assume that he could show good cause, it is not apparent that his claims are futile based on the new allegations. BFI simply contends that Williams's new averments are vague and conclusory. But futility is determined under the Rule 12(b)(6) standard, and BFI fails to explain why Williams's new factual allegations, when viewed in the light most favorable to him, fail "to state

6

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Therefore, Williams has 14 days from the date of this Order to file a motion seeking leave to amend his complaint. Because his summary-judgment response came after the deadline to amend, he will need to argue his case first under Federal Rule of Civil Procedure 16(b) then under Rule 15(a). And pursuant to Uniform Local Rule 7(b)(2), "[a] proposed amended pleading must be an exhibit to a motion for leave to file such pleading."

B.  Motion for Leave to File a Sur-Reply

Finally, Williams seeks leave to file a sur-reply brief in opposition to summary judgment. He says the Court should grant this request because (1) a Report and Recommendation that BFI "relied heavily on" in their summary-judgment motion has since been granted in part and modified in part by a district court, (2) BFI misstates Williams's claims, and (3) the affidavit attached to BFI's reply is objectionable hearsay. Mot. [29] at 1–2. BFI responded [82], and Williams failed to reply.

Because the Local Rules do not recognize sur-replies, Williams must demonstrate that it is appropriate for the Court to deprive BFI of the final word on its motion. And here, the proposed additional briefing does not affect the Court's conclusion. The sur-reply does not revive Williams's now abandoned claim nor does it show that his new factual allegations were in fact pleaded in his complaint. Williams's motion is therefore denied.

IV.  Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed do not change the outcome. For the foregoing reasons, the Court grants BFI's Motion for Summary Judgment [49] as to the compensation-calculation claim. Williams's Motion for Leave to File a

Sur-Reply [81] is denied.  Finally, Williams is given 14 days from the date of this Order to file a properly supported motion seeking leave to amend.  Failure to do so will result in the dismissal of this action without further notice.  If Williams so moves, BFI will have an opportunity to file a response, to which Williams may reply.  The subsequent memoranda must be filed within the time limits found in Uniform Local Rule 7(b)(4).

**SO ORDERED AND ADJUDGED** this the 24th day of April, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE