UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MELVIN WILLIAMS, JR.                                                                        PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:16cv75-DPJ-FKB

BFI WASTE SERVICES, LLC                                                                 DEFENDANT

ORDER

This wage dispute is before the Court on Plaintiff's motion [34] for leave to file an amended complaint. Because Plaintiff fails to show good cause under Rule 16(b), the Court denies his motion and dismisses this action.

I.  Facts and Procedural History

Plaintiff Melvin Williams, Jr., a commercial truck driver for Defendant BFI Waste Services, LLC ("BFI"), filed suit on February 3, 2016, seeking unpaid wages and overtime pursuant to the Fair Labor Standards Act ("FLSA"). In his Complaint, Williams says BFI failed to provide him his "complete wages," alleging BFI (1) frequently required him to work weekends and (2) used a "fixed base day rate plus an 'incentive' for each day worked" compensation method that deprived him of an FLSA-compliant wage. *Id.* ¶¶ 15, 17–20.

Five months after the Case Management Order's (CMO) pleading-amendment deadline, BFI moved for summary judgment. In response, Williams abandoned his pleaded allegations and claimed instead that BFI failed "to compensate him for all hours worked" by deducting from his wages the hours worked through his 30-minute meal period and his "off the clock" pre- and post-trip inspections. Pl.'s Mem. [27] at 4–5. In light of this shift, the Court granted summary judgment as to Williams's claim based on an improper compensation method. But the Court gave him 14 days within which to file a motion to amend his Complaint under Federal Rule of

Civil Procedure 16(b) to add his new factual theories.  He so moved [34], and BFI responded [35].  Williams failed to file a reply, and the time to do so has now passed.

II.     Standard

Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).  That rule provides that provisions in scheduling orders, such as the CMO's amendment deadline in this case, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).  This "good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters.*, 315 F.3d at 535 (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)).

The Fifth Circuit determines good cause under the following four-factor test:  "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536 (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)) (punctuation omitted).  Applying these factors, this Court "more carefully scrutinize[s] a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment." *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999).  If a party shows good cause under Rule 16(b), the Court will grant amendment where justice so requires under Rule 15(a). *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015).

III.     Analysis

The first good-cause factor weighs strongly against amendment.  Williams explains that he failed to timely move for leave to amend because he "mistakenly believed" the "broad[]" allegations in his Complaint "encompass[ed] both his 'miscalculation' claim and his 'off the clock' claims."  Pl.'s Mot. [34] at 3.  But it is well-settled that "[a] properly pleaded complaint must give 'fair notice of what the claim is *and the grounds upon which it rests*.'"  *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 204 (5th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 698–99 (2009)) (emphasis added).  That rule encompasses new factual theories supporting previously pleaded legal theories.  *See, e.g.*, *id.*; *see also Green v. JP Morgan Chase Bank, N.A.*, 562 F. App'x 238, 240 (5th Cir. 2014) (affirming refusal to consider new factual theory); *Benavides v. EMC Mortg. Corp.*, No. 3-12-46, 2013 WL 416195, at *4 (S.D. Tex. Jan. 31, 2013) (Costa, J.) (refusing to consider new factual theory supporting previously pleaded legal cause of action).

Here, nothing in Williams's Complaint suggests that BFI was not paying him for lunch-time or inspection-related off-the-clock work.  So if that factual theory is the grounds for Williams's FLSA claim, the Complaint does not give notice of it.  His "broad" allegations are not enough.  *See Iqbal*, 556 U.S. at 698–99.  More to the point, Williams's mistaken belief that he properly pleaded his case fails to establish good cause.  *See Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (holding under former Rule 4(j) that "simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice" to show good cause); *see also S&W Enters.*, 315 F.3d at 536 ("[I]nadvertence . . . is tantamount to no explanation at all.").

Further, the Court is persuaded by BFI's point that none of the propounded discovery seems to directly relate to the off-the-clock claims. Def.'s Resp. [35] at 3 (citing Pl.'s Interrogs. [28-2]). While the Court does not have the benefit of Williams's reply on this, it stands to reason that Williams would have sought discovery on this theory had he truly intended to pursue it in his original Complaint. Without more, his mistaken-belief explanation is meritless.[1]

Williams says the second factor weighs in his favor because if amendment is not granted then he "cannot pursue his claim for unpaid wages." Pl.'s Mot. [34] at 3 (citing *Fahim v. Marriott Hotel Services., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008), which generally held "the requested amendment was clearly important"). He neglects to tell the Court why this is so, and the Court hesitates to speculate as to why his claim might be barred in the future, e.g., statute of limitations. But to be sure, he will not able to pursue that claim in this action if amendment is not granted. So this factor weighs in his favor. But in any event, the third factor tips the scale back the other way.

Allowing amendment would prejudice BFI—it worked up the case based on the pleaded factual theories and moved for summary judgment after the close of discovery. Granting this motion more than a year after the amendment deadline—and after the close of discovery and motion practice—would require a complete do-over. As one leading commentator noted, "[I]f

---

[1] In its response, BFI suggests that Williams fails to show good cause simply because he offers no valid explanation for his delayed motion. *See* Def.'s Resp. [35] at 5, 7. And indeed, there is support within the Fifth Circuit for finding that the first factor should weigh most heavily. *See Ward v. CNH Am., L.L.C., Ind.*, 534 F. App'x 240, 242 (5th Cir. 2013), *as revised* (July 23, 2013) ("We have previously affirmed the exercise of a district court's discretion to deny leave to amend, when the first and third factors weighed against the movant—emphasizing the first factor."); *see also Cole v. Sandel Med. Indus., L.L.C.*, 413 F. App'x 683, 690 (5th Cir. 2011) ("[T]he focus of the [Rule] 16(b) inquiry is on the diligence of the party needing the extension." (internal quotation marks omitted)). But in the interest of justice, the Court weighs all four factors in ruling on Williams's motion.

the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial." 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1487 (3d ed. 1998). Williams's offer to allow BFI to conduct new discovery does not negate the prejudice that has already occurred. *See id.* So like the first, the third factor weighs against the motion.

Finally, the fourth factor does not change the balance. While continuing the current deadlines to allow for an amended complaint is certainly possible, it would not cure the prejudice suffered by BFI. The deadlines would still need to be re-opened despite the successful filing of a summary-judgment motion. *See Bennett v. Consol. Gravity Drainage Dist. No. 1*, 648 F. App'x 425, 429 (5th Cir. 2016) ("[A]llowing [plaintiff] to amend her complaint at this late stage would require the district court to reopen discovery and necessitate new dispositive motions. Thus, [defendant] would suffer prejudice in a manner that cannot be ameliorated by a continuance."). On balance, Williams fails to show good cause under Rule 16(b). *See Fahim*, 551 F.3d at 348 (affirming denial of leave to amend where first and third factors weighed against movant). So the Court need not reach whether amendment is appropriate under Rule 15(a). Williams's motion is denied.

IV.   Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed do not change the outcome. For the foregoing reasons, Plaintiff's Motion [34] is denied. This action is dismissed.

**SO ORDERED AND ADJUDGED** this the 16th day of June, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

5